IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

RONALD RIDDICK,

    PLAINTIFF                                   08 Civ 6898/CM/DF
    vs                                          COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICER DORIS
LOPEZ, Shield # 15344,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the
identified and non identified
persons in their individual and
in their official capacities,

    DEFENDANTS
_____

## I.  INTRODUCTION

1. This litigation arises out of the Plaintiff's stop and detention and arrest on August 9, 2007 at or about 1:45 P.M. at the location of the lobby of 1591 Park Avenue, New York, New York as the Plaintiff was preparing to go to visit his longstanding friend, Rafael Rivas who resides in Apartment # 6F at said 1591 Park Avenue; New York, New York; and eventual dismissal of the trespass charge, which had been preferred against the Plaintiff, on July 17, 2008.

2. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3. The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

II. JURISDICTION

4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.   The facts which give rise to the State law claims, has a common nucleus with the facts which give rise the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

6.   The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

III. THE PARTIES

8.   The Plaintiff is an African American citizen and resident of the State of New York, the City of New York, the County of New York.

9.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10.  Defendants "John Does" and Doris Lopez, Shield # 15344, are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed

under the laws and Constitution of the United States and of the State of New York, they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

## IV. ALLEGATIONS

11.  This is a litigation which arises out of the Plaintiff's arrest on August 9, 2007 at or about 1:45 P.M. at the location of the lobby of 1591 Park Avenue, New York, New York as the Plaintiff was preparing to go to visit his longstanding friend Rafael Rivas who resides in Apartment # 6F at said 1591 Park Avenue; and the subsequent custodial detention and the eventual dismissal of the trespass charge, which had been preferred against the Plaintiff, on July 17, 2008.

12.  The Plaintiff, who is an African American citizen and resident of the City of New York, County of New York, State of New York, is fifty five [55] years of age.

13.  The Plaintiff's birth date is May 7, 1953.

14.  The Plaintiff is single.

15.  The Plaintiff's mailing address and the location where he regularly resides is in the James Weldon Johnson publicly assisted housing development. More specifically he resides in an apartment building at 1810 Lexington Avenue, Apt. # 1C, New York City, New York 10029.

16.  The Plaintiff resides at the afore-described address with his sister and his nieces.

17.  At present the Plaintiff is unemployed. The Plaintiff has been unemployed since on or about 1997. The Plaintiff was employed prior thereto as a laborer working in the construction industry and building trades industry. Plaintiff receives Social Security Disability benefits and has received such for a chronic disease from which he is suffering and is afflicted and from which he has been diagnosed since approximately 1997 when he first commenced receiving his Social Security Disability benefits.

18. The Plaintiff is a high school drop out. He left school in the eleventh grade.

19. The incident which gives rise to this incident commenced on August 9, 2007 when the Plaintiff was arrested and continued thereafter until July 17, 2008 when the trespass charge, which had been preferred against the Plaintiff and arose out of his arrest, was dismissed.

20. On Thursday, July 17, 2008, the trespass charge against the Plaintiff was dismissed.

21. On August 9, 2007, the Plaintiff went to visit a friend, Rafael Rivas, who resides at 1591 Park Avenue, Apt. # 6F, New York City, New York and has resided thereat for at least twenty years, the approximate period of time that the Plaintiff has known said Rafael Rivas.

22. 1591 Park Avenue is an apartment building which is part of the James Weldon Johnson publicly assisted housing development.

23. 1810 Lexington Avenue, where the Plaintiff receives his mail and the address at which he regularly resides, is also a building in the James Weldon Johnson housing development.

24. The Plaintiff has resided throughout his life in the James Weldon Johnson Housing development where he grew up and where he knows many, many residents in the multiple buildings throughout the James Weldon Johnson development and which comprise the James Weldon Johnson development.

25. The Plaintiff regularly visits his friend, Rafael Rivas, who resides in Apartment # 6F at 1591 Park Avenue, New York City, York in the James Weldon Johnson housing development building.

26. The Plaintiff's friend, Rafael Rivas, who works for the New York City Department of Health, has acknowledged that he has known the Plaintiff for approximately twenty years and has further acknowledged that the Plaintiff visits him at his apartment # 6F "very frequently" and that the Plaintiff has his permission to come and visit him whenever the Plaintiff desires and whether or not Rafael Rivas has advance knowledge of a visit.

27. The Plaintiff has known Rafael Rivas for approximately twenty [20] years.

28. The Plaintiff entered the 1591 Park Avenue building lobby at or about 1:45 and went to the elevator to go upstairs from the lobby to the sixth floor where Rafael Rivas's apartment is situated [Apartment # 6F].

29. The door to the building lobby was unlocked and open.

30. Such is a regular happening since the lock on the building door is regularly broken and the door is regularly open.

31. Furthermore, the building door is often open because of work being done at the building.

32. As the Plaintiff got to the elevator, a white male looked out from behind a wall proximate to the elevator and asked the Plaintiff where he was going.

33. The Plaintiff responded that he was going to see a friend in apartment # 6F.

34. The white male and two other individuals, one an Asian male and the other a Hispanic female, came from behind the wall.

35. They were in uniform and appeared to be New York City Police Officers.

36. The white male officer asked the Plaintiff for the Plaintiff's identification.

37. The Plaintiff went into his pocket, took out his wallet, and gave the Officer his New York State issued driver's license.

38. The Plaintiff was taken from the lobby, up three stairs, to the back of the building.

39. The Plaintiff was placed against a wall.

40. The white male officer left and returned in a couple of minutes at which point he told the other two officers to handcuff the Plaintiff.

41. The Plaintiff was frisked, removed from the 1591 building, placed into a vehicle, and transported by two of the officers to PSA facility # 5 on 123rd Street between 2nd and 3rd Avenues, New York City, New York.

42. The Plaintiff was processed at the PSA # 5 facility and some time in the night [before midnight] transported to Manhattan Central Booking where he was detained in custody until his arraignment in the Criminal Court at or about 1:30 P.M. on August 10, 2007.

43. At the time of his arraignment, the Plaintiff was charged with trespass, to which the Plaintiff pled not guilty, and he was released on his own recognizance.

44. The Plaintiff returned to Court on numerous occasions subsequent to his arraignment and his release thereat without bail and on his own recognizance.

45. On July 17, 2008 the trespass charge against the Plaintiff was dismissed.

46. The Plaintiff committed no criminal offense or other offense under and of the law whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under and of the law.

47. The Plaintiff did not trespass as he was an invited guest to a residence apartment in the building; he had lawfully entered the building; and he had lawfully proceed to the elevator in order to go to his friend's residence on the 6th floor when he was stopped, detained, and subjected to a custodial arrest.

48. There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

49. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the

otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

50. There was no basis for the stop and detention of the Plaintiff and there was no probable cause for the custodial arrest of the Plaintiff.

51. The Plaintiff was stopped and detained without lawful basis for such and he was otherwise falsely arrested and was subjected to malicious prosecution.

52. The actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means".

53. Such crime offense enforcement initiative propels officers to make stops, detentions, and arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses.

54. The policy and practices have a disproportionate impact on African Americans who, because of their race, are often times and for no other reason but the race factor, are singled out for stops, detentions and arrests.

55. The Plaintiff was unlawfully stopped and detained and was otherwise falsely arrested and subjected to racially discriminatory conduct and subjected to malicious prosecution.

56. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

57. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including false arrest, excessive, unnecessary, and unreasonable force and malicious prosecution.

58. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

59. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

60. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

61. The Plaintiff's counsel is: James I. Meyerson, Esq., 64 Fulton Street-Suite # 502, New York, New York 10038 [212] 226-3310/[212] 513-1006 [FAX].

62. The Plaintiff has no other viable remedy at law but for the institution of this litigation in order to secure full and complete redress, vindication, and justice.

V. CAUSES OF ACTION

A. FIRST CAUSE OF ACTION

63. The Plaintiff reiterates Paragraph #'s 1 through 62 and incorporates such by reference herein.

64. The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

65. The Plaintiff suffered injuries and damages.

B. SECOND CAUSE OF ACTION

66. The Plaintiff reiterates Paragraph #'s 1 through 65 and incorporates such by reference herein.

67. The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested and falsely imprisoned and excessively detained in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

68. The Plaintiff suffered injuries and damages.

### C.   THIRD CAUSE OF ACTION

69. The Plaintiff reiterates Paragraph #'s 1 through 68 and incorporates such by reference herein.

70. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

71. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

72. The Plaintiff reiterates Paragraph #'s 1 through 71 and incorporates such by reference herein.

73. The Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

74. The Plaintiff suffered injuries and damages.

### E.   FIFTH CAUSE OF ACTION

75. The Plaintiff reiterates Paragraph #'s 1 through 74 and incorporates such by reference herein.

76. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

77. The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

78. The Plaintiff reiterates Paragraph #'s 1 through 77 and incorporates such by reference herein.

79. The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

80. The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

81. The Plaintiff reiterates Paragraph #'s 1 through 80 and incorporates such by reference herein.

82. Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

83. The Plaintiff suffered injuries and damages.

### H. EIGHTH CAUSE OF ACTION

84. The Plaintiff reiterates Paragraph #'s 1 through 83 and incorporates such by reference herein.

85. The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

86. The Plaintiff suffered injuries and damages.

### I. NINTH CAUSE OF ACTION

87. The Plaintiff reiterates Paragraph #'s 1 through 86 and incorporates such by reference herein.

88. The Plaintiff was subjected to an assault and battery by the way of his physically being taken into custody and by his handcuffing in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

89. The Plaintiff suffered injuries and damages.

### J.   TENTH CAUSE OF ACTION

90.   The Plaintiff reiterates Paragraph #'s 1 through 89 and incorporates such by reference herein.

91.   The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

92.   The Plaintiff suffered injuries and damages.

### K.   ELEVENTH CAUSE OF ACTION

93.   The Plaintiff reiterates Paragraph #'s 1 through 92 and incorporates such by reference herein.

94.   The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

95.   The Plaintiff suffered injuries and damages.

### L.   TWELFTH CAUSE OF ACTION

96.   The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.   The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

98.   The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

99.   Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

100. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

101. The Plaintiff suffered injuries and damages.

### M.   THIRTEEN CAUSE OF ACTION

102. The Plaintiff reiterates Paragraph #'s 1 through 103 and incorporates the same by reference herein.

103. Rather than releasing the Plaintiff with a Summons or Desk Appearance Ticket, the Defendants elected to process the Plaintiff through the system.

104. The Plaintiff was otherwise offense eligible for the issuance of a Summons or Desk Appearance Ticket in lieu of being processed through the system and he was otherwise eligible to be released with a Summons or Desk Appearance Ticket.

105. Because of the actions and conduct of the Defendant parties and the policies and practices of the City of New York associated therewith, the Plaintiff was subjected to excessive and unreasonable custodial detention in lieu of release in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

106. The Plaintiff suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

107. The Plaintiff reiterates Paragraph #'s 1 through 106 and incorporates the same herein.

108. The Plaintiff's extended custodial detention, in lieu of release with a Summons or Desk Appearance Ticket, violated the Plaintiff's rights under the laws and Constitution of the State of New York.

109. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

> [a] Invoke pendent party and pendent claim jurisdiction.
>
> [b] Award appropriate compensatory and punitive damages.
>
> [c] Award appropriate declaratory and injunctive relief.
>
> [d] Empanel a jury.
>
> [e] Award attorney's fees and costs.
>
> [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
August 1, 2008

Respectfully submitted,

/s/ James I. Meyerson_____
JAMES I. MEYERSON [JM 4304]
64 Fulton Street @ Suite # 502
New York, New York 10013
[212] 226-3310
[212] 513-1006/FAX
ATTORNEY FOR PLAINTIFF
BY:_____