US SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/08





**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 442-8248
Fax: (212) 788-9776

August 14, 2008

*Request granted.*

**VIA FACSIMILE (212) 805-6326**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Ronald Riddick v. City of New York, et al., 08 Civ. 6898 (CM)

Your Honor:

      I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from August 21, 2008 until October 21, 2008. Plaintiff has consented to this request for an extension of time.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution authorizations for the release of sealed arrest records so that defendant can access the information, properly assess the case, and respond to this complaint.

      Additionally, upon information and belief, the named individual defendant, Police Officer Doris Lopez, has been served with the summons and complaint in this action. This office has not discussed with Police Officer Lopez the manner of service and we make no representation herein as to the adequacy of service upon him. A decision concerning this

Office's representation of Officer Lopez has not yet been made but the requested extension of time may also give this office an opportunity to determine whether Officer Lopez is entitled to representation by this office. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Officer Lopez to October 21, 2008 as well. Such would also avoid the filing of several separate answers or other responses to the complaint.

No previous request for an extension has been made by defendant City of New York. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to October 21, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Mark D. Zuckerman
Senior Counsel

cc:    James I. Meyerson, Esq. (Via Facsimile)

2